**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAMAR THORBOURNE, | Civil Action No.: 15-3477 |
| Plaintiff, | |
| v. | OPINION |
| PUBLIC SERVICE ENTERPRISE GROUP, et al., | |
| Defendants. | |

**CECCHI, District Judge**

### I.  INTRODUCTION

Before the Court are: (1) the Motion of defendants Public Service Enterprise Group ("PSE&G"), Scott Sharp and Shyrone Farrar (together, the "Individual Defendants" and, along with PSE&G, the "PSE&G Defendants") to Dismiss in part the Complaint of plaintiff Jamar Thorbourne ("Plainitiff") pursuant to Federal Rule of Procedure 12(b)(6), ECF No. 8; and (2) the Motion of defendant Utility Workers Union of America, AFL-CIO Local 601 ("Local 601") to dismiss Plaintiff's Complaint pursuant to Federal Rule of Procedure 12(b)(6), ECF No. 12. Plaintiff opposes the Motions, ECF No. 13. The Court decides the Motions without oral argument pursuant to Federal Rule of Procedure 78. For the reasons set forth below, the Court denies Defendant PSE&G's Motion and grants Defendant Local 601's Motion.

### II.  BACKGROUND

The following facts are accepted as true for the purposes of the instant Motions. Plaintiff worked for PSE&G from October 2000 until March 19, 2013, when PSE&G terminated his employment. Complaint ("Compl."), ECF No. 1 ¶ 14, 106. Throughout his employment with PSE&G, Plaintiff was a member of Local 601. Id. ¶ 11.

In 2009, Plaintiff began to suffer from severe migraine headaches, for which he sought accommodation from PSE&G. Compl. ¶¶21–29. PSE&G initially granted and then withdrew the accommodation over Plaintiff's repeated protestations. Id. ¶¶ 28–39, 53–59, 78–82. On June 22, 2009, Plaintiff received a "retaliatory warning" for "poor []availability," id. ¶ 46, which Plaintiff contends was unwarranted, id. ¶ 45.

Throughout 2009 and 2010, Plaintiff was repeatedly tardy for work. See Certification of Bushinsky ("Bushinsky Cert."), ECF No. 12-2, Ex. D ("Plaintiff's Absence Log").[1] On April 16, 2010, Plaintiff received a "disciplinary warning" and first-level probation for "poor availability." Compl. ¶ 61. From May 20, 2010 through June 3, 2010, Plaintiff was out of work pursuant to a doctor's orders. Id. ¶ 68. On July 22, 2010, Plaintiff received additional discipline for "poor availability." Id. ¶ 70.

At some point in early 2011, Plaintiff "used his leave due to his medical condition." Id. ¶ 83. On April 20, 2011, Plaintiff received a "final written warning for 'unavailability.'" Id. ¶ 84. Subsequently, PSE&G approved Plaintiff's request for intermittent leave from July 23, 2011 through November 1, 2011. Id. § 93.

Plaintiff was out of work on February 14 and February 15, 2013, after he fell and hit his head at home. Id. ¶ 100. Plaintiff obtained permission from a supervisor to utilize his remaining

---

[1] On a motion to dismiss, this Court may consider the allegations in the complaint, any exhibits attached to the complaint, matters of public record, and undisputedly authentic documents upon which the plaintiff's complaint is based. Pension Benefit Guar. Corp. v. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993). A document satisfies the latter category even where the complaint does not cite or "explicitly rely[]" on it; "[r]ather, the essential requirement is that the plaintiff's claim be "based on that document." Brusco v. Harleysville Ins. Co., No. CIV.A. 14-914 JEI/JS, 2014 WL 2916716, at *5 (D.N.J. June 26, 2014) (quoting In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997)). Here, Plaintiff's Complaint repeatedly references Plaintiff's disciplinary record, which is set forth in full in the Absence Log attached to Defendant Local 601's Motion. Plaintiff does not contest the Absence Log's authenticity.

2

vacation days for the absence. Id. ¶ 104. On March 19, 2013, representatives from PSE&G and Local 601 notified Plaintiff he was being terminated because he was absent on February 14 and 15, 2013. Id. ¶ 110. When Plaintiff protested that the absence had been approved, a representative from Local 601 accompanied Plaintiff to obtain confirmation of this approval from Plaintiff's supervisor. Id. ¶ 112.

Plaintiff requested that Local 601 grieve his termination. Id. ¶ 121. Although Local 601 grieved his termination, it did not solicit Plaintiff's participation in the grievance process, apprise Plaintiff of the status of the grievance, or, when the grievance failed, elect to proceed to arbitration. Compl. ¶¶ 121–149.

On June 8, 2013, the Equal Opportunity Employment Commission ("EEOC") issued a Notice of Charge of Discrimination in Plaintiff's case. See PSE&G Defendants' Brief in Support of their Motion to Dismiss, ECF No. 8-1 at 11.[2] Three weeks later, on June 27, 2013, the Charge of Discrimination was dual filed with the New Jersey Division on Civil Rights ("DCR") pursuant to the New Jersey Law Against Discrimination ("NJLAD"). Id. at 14. On September 16, 2013, the EEOC issued a final determination stating the EEOC "is unable to conclude that the information obtained establishes a violation with respect to [Plaintiff's] allegations that he was discriminated against." Id. at 15. On February 19, 2015, the DCR issued a letter stating:

> The DCR has determined not to take any further action regarding the [NJ]LAD charge, and has now administratively closed DCR's file. . . . The

---

[2] Plaintiff's Complaint is based in part upon the Charge of Discrimination filed with the EEOC and the New Jersey Division of Civil Rights ("DCR") and Plaintiff does not contest the validity of these documents; to the contrary, Plaintiff cites to them in his brief in opposition to Defendants' Motions. See, e.g., ECF No. 13 at 10. Accordingly, the Court will consider the Charge. See Pension Benefit Guar. Corp., 998 F.2d 1192, 1196 (3d Cir. 1993).

> administrative closing of this charge is not an adoption of the EEOC's closing or determinations. An administrative closing does not interfere with a party's right to pursue a LAD claim in another forum.

Id. at 18.

Plaintiff filed the instant action on April 6, 2015 in the Superior Court of New Jersey. ECF No. 1 Ex. A at 2. On May 20, 2015, the PSE&G Defendants removed the action to this Court. ECF No. 1. Against the PSE&G Defendants, Plaintiff asserts claims for: discrimination, retaliation, failure to accommodate, and failure to engage in the interactive process, in violation of the NJLAD; interference and retaliation in violation of the Family Medical Leave Act; and breach of PSE&G's contractual obligations under the Labor Management Relations Act ("LMRA"). Against Local 601, Plaintiff brings a claim for breach of the duty of fair representation under the LMRA. Compl. ¶ 182.

On June 4, 2015, the PSE&G Defendants moved to dismiss Plaintiff's NJLAD claims. See ECF No. 8. On June 24, 2015, Local 601 moved to dismiss Plaintiff's breach-of-duty claim, the sole claim Plaintiff brings against Local 601. See ECF No. 12. For the reasons set forth below, this Court denies the PSE&G Defendants' Motion and grants Local 601's Motion.

### III. LEGAL STANDARD

For a complaint to survive dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6), it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Twombly, 550 U.S. at 545 (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

In evaluating the sufficiency of a complaint, the Court must accept all well-pleaded factual

allegations in the complaint as true and draw all reasonable inferences in favor of the non-moving party. See Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. "A pleading that offers labels and conclusions will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." Iqbal, 556 U.S. at 678 (internal citations omitted).

## IV. DISCUSSION

### A. Claims Against the PSE&G Defendants

The PSE&G Defendants urge this Court to dismiss Plaintiff's NJLAD claims because (1) the NJLAD's election of remedies provision bars Plaintiff's NJLAD claims against both PSE&G and the Individual Defendants and (2) Plaintiff fails to state a claim against the Individual Defendants under the NJLAD. For the reasons set forth below, this Court denies PSE&G's Motion.

#### 1. The NJLAD's Election of Remedies Provision

The PSE&G Defendants first assert that, based on the NJLAD's election of remedies provision, Plaintiff may not bring his NJLAD claims in this action. The NJLAD's election of remedies provision provides that the DCR's adjudication procedure "shall, while pending, be exclusive; and the final determination therein shall exclude any other action . . . based on the grievance of the individual concerned." N.J. Stat. Ann. 10:5-27. However, there is no such final determination where the DCR did not render a substantive decision on the plaintiff's claim but instead issued a letter stating it would close its file because the EEOC had issued a final decision. See Lemke v. Int'l Total Servs., Inc., 56 F. Supp. 2d 472, 482 (D.N.J. 1999); Weber v. LDC/Milton Roy, No. 85-2054, 1986 WL 68543, at *7 (D.N.J. Dec. 8, 1986); § 34:129 Right to bring

independent suits, 5 Emp. Discrim. Coord. Analysis of State Law. Cf. Wilson v. Wal-Mart Stores, 158 N.J. 263, 271 (1999) (holding NJLAD's election of remedies provision did not bar plaintiff's suit where the DCR had not ruled on and was not actively investigating the plaintiff's charge of discrimination).

The cases on which the PSE&G Defendants rely are inapposite. Most held the NJLAD's election of remedies provision barred a plaintiff's NJLAD claims because the DCR had issued a final determination on the merits of the plaintiff's charge, either through the DCR's own review or by adopting the EEOC's determination. See, e.g., Metzler v. Am. Transp. Grp., L.L.C., No. CIV. A. 07-2066 JLL, 2008 WL 413311, at *3 (D.N.J. Feb. 13, 2008) (The DCR had closed its file pursuant to the EEOC's final determination that the plaintiff's allegations failed to state a valid claim); Chugh v. W. Inventory Servs., Inc., 333 F. Supp. 2d 285, 290 (D.N.J. 2004) (The DCR had issued a "final determination" that the facts the plaintiff alleged were insufficient to support his claim). In another case, Roman v. Waste Mgmt. of New Jersey, 2011 WL 1807642 (D.N.J. May 12, 2011), the court held the plaintiff's NJLAD claims were barred because the "[p]laintiff's complaint before the DCR was still pending when he filed his Complaint with the Court," in violation of the NJLAD's election of remedies provision. Id. at *4.

Conversely, Plaintiff filed his Complaint in this action only after the DCR issued a letter administratively closing his case. Thus, Plaintiff's case was no longer pending before the DCR when Plaintiff brought the instant action. Further, the DCR's administrative closing was not a final determination on the merits of Plaintiff's case: the DCR's letter explained the administrative closing "is not an adoption of the EEOC's closing or determinations," and "does not interfere with a party's right to pursue a LAD claim in another forum." ECF No. 8-1 at 18. The PSE&G Defendants urge this Court to ignore the plain language of the DCR's letter. See ECF No. 16. The

6

Court finds no legal support for this request; rather, the case law is clear that because the DCR administratively closed Plaintiff's case and issued no substantive determination, the NJLAD's election of remedies provision does not bar the instant action. See Lemke v. Int'l Total Servs., Inc., 56 F. Supp. 2d 472, 482 (D.N.J. 1999); Weber v. LDC/Milton Roy, No. 85-2054, 1986 WL 68543, at *7 (D.N.J. Dec. 8, 1986); § 34:129 Right to bring independent suits, 5 Emp. Discrim. Coord. Analysis of State Law.

### 2. Employee Liability Under NJLAD

The PSE&G Defendants further argue the Complaint fails to state a claim against the Individual Defendants for "aiding and abetting" an employer's NJLAD violations. To hold an individual employee liable under the NJLAD, a plaintiff must prove the employee "aided and abetted" the employer's illegal conduct. See N. J. Stat Ann. 20:5-12(e); Cicchetti v. Morris Cty. Sheriff's Office, 194 N.J. 563, 594, 947 A.2d 626, 645 (2008) ("[I]ndividual liability of a supervisor for acts of discrimination or for creating or maintaining a hostile environment can only arise through the 'aiding and abetting' mechanism" in the NJLAD.).

The PSE&G Defendants assert "Plaintiff's Complaint is devoid of a count, or even a statement that [Individual Defendants] Sharp and Farrar 'aided and abetted' PSE&G's alleged discrimination under [NJ]LAD" and fails to provide "at least a short and plain statement specifying what sections of the [NJ]LAD, if any they 'aided and abetted' in violating and how they purportedly did so." ECF No. 8-1 at 4–5.

Contrary to the PSE&G Defendants' contention, Plaintiff's Complaint states clearly the Individual Defendants "aided the employer in performing the wrongful act that caused an injury"

and "knowingly and substantially assisted[3] the employer in the principal violation of the statutes references herein." Compl. ¶¶ 7, 9. The Complaint specifically enumerates the statutes PSE&G allegedly violated. See Compl. ¶¶ 155–58 (asserting a cause of action under the NJLAD for disability discrimination); ¶¶ 159–62 (asserting a cause of action under the NJLAD for retaliation); ¶¶ 163–66 (asserting a cause of action under the NJLAD for failure to accommodate); ¶¶ 167–70 (asserting a cause of action under the NJLAD for failure to engage in the interactive process). The Complaint also sets forth facts supporting its claim that the Individual Defendants aided and abetted PSE&G's conduct. See Compl. ¶ 58 (Defendant Sharp declined to accommodate Plaintiff's requested medical accommodation); ¶ 82 (Defendant Farrar informed Plaintiff that PSE&G could not accommodate his requested medical accommodation); ¶ 84 (Farrar issued Plaintiff a final written warning for "unavailability" pursuant to Sharpe's instructions); ¶¶ 90–91 (Farrar declined to assist Plaintiff in applying for FMLA leave due to his disability).

The pleaded facts, taken as true, are sufficient to state a claim under the NJLAD. Therefore, this Court finds Plaintiff's Complaint gives the Individual Defendants "'fair notice of what the . . . claim is and the grounds upon which it rests.'" Twombly, 550 U.S. at 545 (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).[4]

---

[3] The PSE&G Defendants do not appear to argue there is a relevant distinction between "abetting" and "knowingly and substantially assisting" an employer's conduct for the purposes of pleading an NJLAD violation. In any event, the Third Circuit has clearly foreclosed such an argument. See Failla v. City of Passaic, 146 F.3d 149, 158 (3d Cir. 1998) ("[W]e have concluded that aiding and abetting [an employer's NJLAD violation] requires that one know the other's conduct constitutes a breach of duty and give substantial assistance or encouragement to that conduct.").

[4] To the extent the PSE&G Defendants seek to argue the Individual Defendants cannot be liable based on an aider and abettor theory for their own violations of the NJLAD, the Court notes that, since the Appellate Division's decision in Rowan v. Hartford Plaza Ltd., 2013 WL 1250095 (App. Div. Apr. 5, 2013), "courts in this district have held that a supervisor can be personally liable for his own conduct under the aiding and abetting provision of the LAD." Mann v. Estate of Meyers, 61 F. Supp. 3d 508, 529 (D.N.J. 2014); see DeSantis v. New Jersey Transit, 103 F.

8

**B. Claim Against Local 601**

Local 601 argues Plaintiff's Complaint fails to state a claim for breach of the duty of fair representation.[5] In representing a worker under a collective bargaining agreement, a union "has an obligation . . . to act fairly under the collective bargaining agreement and not to assert or press grievances which it believes in good faith do not warrant such action." Bazarte v. United Transp. Union, 429 F.2d 868, 872 (3d Cir. 1970). Therefore, a union breaches the statutory duty of fair representation "only when a union's conduct toward a member of the collective bargaining unit is arbitrary, discriminatory, or in bad faith." Ahmad v. United Parcel Serv., 281 F. App'x 102, 105 (3d Cir. 2008) (quoting Vaca v. Sipes, 386 U.S. 171, 190 (1967)). "It follows from this that proof that the union may have acted negligently or exercised poor judgment is not enough to support a claim of unfair representation." Bazarte, 429 F.2d at 872.

The gravamen of Plaintiff's allegations against Local 601 is that, although Local 601 did grieve his termination, it did not solicit further information from Plaintiff during the grievance process, apprise Plaintiff of the status of the grievance, or, when the grievance failed, elect to

---

Supp. 3d 583, 591 (D.N.J. 2015); Longo v. Purdue Pharma, L.P, No. 14–cv–1204, 2014 WL 2800817, at *7 (D.N.J. June 19, 2014); Godfrey v. Thermco, No. 13–cv–4750, 2013 WL 5952046, at *5–6 (D.N.J. Nov. 4, 2013); Regis v. Int'l Paper Co., No. 12–CV–7549, 2013 WL 5410700, at *4–5 (D.N.J. Sept. 26, 2013); Vazquez v. Karcher N. Am., Inc., No. CIV. 13-3817 WJM, 2013 WL 5592369, at *4 (D.N.J. Oct. 8, 2013); Brown–Marshall v. Roche Diagnostics Corp., No. 10–cv–5984, 2013 WL 3793622 at *2–3, *7 (D.N.J. July 19, 2013). As the PSE&G Defendants recognize, the NJLAD's "'aiding and abetting' mechanism" gives rise to individual liability. Cicchetti, 194 N.J. at 594. Since Rowan, courts in the District have recognized "an individual can aid and abet, not only the conduct of another person, but that person's own conduct." DeSantis, 103 F. Supp. 3d at 591. Therefore, contrary to the PSE&G Defendants' contention, Plaintiff's argument that the Individual Defendants can be held liable for their own conduct does not advance a novel or independent theory of "direct" liability. See ECF No. 16 at 1.

[5] In its brief in support of its Motion to Dismiss, Local 601 also argued many of Plaintiff's claims were time barred. Local 601 abandoned that argument in its brief in further support of its motion after Plaintiff clarified his argument in his opposition papers. See ECF No. 17 at 3–4.

9

proceed to arbitration. Compl. ¶¶ 121–149.[6] Plaintiff offers no facts that would allow a jury to conclude Local 601's actions were discriminatory or in bad faith; instead, his Complaint contends the Union's actions were arbitrary. Compl. ¶ 150. "A union's conduct can be classified as arbitrary only when it is irrational, when it is without a rational basis or explanation." Gehringer v. Atl. Detroit Diesel Allison LLC, 595 F. App'x 157, 161 (3d Cir. 2014) (citations omitted).

Plaintiff's allegations, offered without further factual delineation, are insufficient to support the inference that Local 601's actions were wholly irrational. See Iqbal, 129 S. Ct. at 1949 (quoting Twombly, 550 U.S. at 557). As a matter of law, a union has the discretion to determine whether to press an employee's complaint further and its "failure to inform [the employee] of its decision not to go forward with his case [is not] enough to establish unfair representation." Bazarte, 429 F.2d at 872. Moreover, in light of Plaintiff's history of discipline for violating PSE&G's attendance policy, see Compl. ¶ 116, a factfinder could reasonably conclude Local 601's decision not to proceed to arbitration was rational. Finally, the Complaint sets forth facts showing Local 601's representatives were aware of the circumstances surrounding Plaintiff's termination. See Compl. ¶¶ 105–112. A rational factfinder could therefore conclude Local 601 reasonably did not solicit further information from Plaintiff during the grievance process because it had sufficient information to represent Plaintiff at the grievance. Accordingly, the Complaint fails to state a claim against Local 601.

---

[6] Plaintiff also alleges Local 601 also failed to grieve earlier warnings and discipline Plaintiff received. Compl. ¶¶ 40–42, 50–51. However, in his opposition papers, Plaintiff clarifies that his claim "against [Local 601] is not based upon those earlier failures. Rather, Plaintiff's claim is based upon [Local 601's] breach of its duty to fairly represent Plaintiff in connection with his termination grievance and refusal to proceed to arbitration after losing at the third step of the Grievance Procedure." ECF No. 13 at 28–29.

I.  **CONCLUSION**

Based on the reasons set forth above, Local 601's Motion to Dismiss is granted and the PSE&G Defendants' Motion is denied. Plaintiff's Complaint is dismissed as against Local 601 without prejudice. To the extent the deficiencies in Plaintiff's claims against Local 601 can be cured by way of amendment, Plaintiff is granted thirty days to file an amended complaint. An appropriate order accompanies this Opinion.

Dated: January 22, 2016

*/s/ Claire C. Cecchi*
CLAIRE C. CECCHI, U.S.D.J.